**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-1300-CMS |
| | ) | |
| BIT STREETS OF ST CHARLES LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant CRG-Chapter ATS, LLC's Motion to Dismiss, (Doc. 32), Defendant BIT Streets of St. Charles, LLC's Motion to Dismiss (Doc. 44), Plaintiff Kevin Brown's Motion for Leave to Conduct Jurisdictional Discovery, (Doc. 56), Defendant Humphreys & Partners Architects LP's Motion to Dismiss, (Doc. 73), and Defendant R.G. Brinkmann Company's Motion for Judgment on the Pleadings, (Doc. 77). For the reasons set forth below, the Court grants Defendant CRG's Motion to Dismiss, but denies the remaining motions as moot or without prejudice.

**BACKGROUND**

**I. Relevant Facts**[1]

According to Plaintiff's Complaint, in October 2024, Plaintiff visited a recently built apartment complex located on Mulholland Drive in St. Charles, Missouri. (Doc. 1 ¶¶ 2, 33, 37). He observed "accessibility barriers that would interfere with his ability to [independently] access

---

[1] For purposes of resolving the motions to dismiss, the Court accepts as true the well-pled facts from the Complaint. *See* Doc. 1; *infra* at 5–6.

and use [apartment] facilities," which deterred him from renting an apartment at the property. *Id.* ¶¶ 37–39.

Plaintiff observed the following FHAA violations at the apartment complex:[2] "[t]he centralized mailbox center does not have accessible mailboxes," *id.* ¶ 51a; "[t]he coffee machine in the tenant common area does not have accessible controls," *id.* ¶ 51b; "[t]he wipes dispenser in the tenant common fitness area is located . . . too high for persons who use wheelchairs," *id.* ¶ 51c; "[t]he wall-mounted drinking fountain in the tenant common use area has a leading edge that . . . can injure [] users when trailing close to walls." *id.*; "the accessible parking space identification signs are not located [so] that the signage is at least 60 inches above the finished floor." *id.* ¶ 51d; [] the "accessible parking space identification signs fail to contain the designation 'van accessible,'" *id.* ¶ 51e, and the "light switches, electrical outlets, thermostats and other environmental controls [are not] in accessible locations," *id.* ¶ 53. Additionally, upon information and belief, Plaintiff alleges that "Defendants have failed to design and/or construct [wheelchair-accessible] bathrooms and kitchens." Id. ¶ 52.

Plaintiff believes that "an inspection of the Property will identify additional [barriers]." *Id.* ¶ 50. Additionally, Plaintiff claims that he "is currently in the market for an apartment in the area of the [] property, [he] intends to return to the subject property and other rental property nearby to

---

[2] Though Plaintiff alleges that he observed accessibility barriers that deterred him from renting an apartment, he does not specify what those barriers were. (Doc. 1 ¶¶ 37–39). Later on, the Complaint lists alleged FHAA violations, *id.* ¶¶ 51, 53, but Plaintiff does not directly state that he personally observed those alleged violations. Given the applicable legal standards at this early stage of the litigation, the Court will infer that the alleged violations were personally observed by Plaintiff. *See Brown v. LuxLiving*, LLC, No. 4:25-CV-01472-SRC, 2026 WL 2529417, at *1 (E.D. Mo. Aug. 27, 2026) (making similar inference); *see also Delker v. MasterCard Int'l, Inc.*, 21 F.4th 1019, 1024 (8th Cir. 2022) (complaint "must contain either direct or inferential allegations respecting all the material elements"); *Brokken v. Hennepin Cnty.*, 140 F.4th 445, 450 (8th Cir. 2025) (when analyzing a motion to dismiss, courts must draw all reasonable inferences in plaintiff's favor).

pursue a potential rental of an apartment, and [he] expects to return to the Property once it has been remediated." *Id.* ¶ 48.

## II. Procedural History

Plaintiff filed this Fair Housing Amendments Act action on August 27, 2025. (Doc. 1). Plaintiff brings three claims under 42 U.S.C. § 3604(f), alleging that Defendants:

> a. discriminated in the rental of, or otherwise made unavailable or denied, dwellings to persons because of their disabilities in violation of 42 U.S.C. § 3604(f)(1);
>
> b. discriminated against persons because of their disabilities in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection with the rental of a dwelling, in violation of 42 U.S.C. § 3604(f)(2); and
>
> c. failed to design and construct dwellings in compliance with the requirements mandated by 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations, 24 C.F.R. Part 100.205 (2008).

*Id.* ¶ 61. Plaintiff seeks declaratory judgment, injunctive relief, damages, punitive damages, and costs and attorneys' fees. *Id.* at 13–15.

Defendants have either moved to dismiss the case or moved for judgment on the pleadings after answering. (Docs. 32, 44, 73, 77). All Defendants contend that Plaintiff lacks a particularized injury necessary for standing. (Doc. 33 at 2–5; Doc. 45 at 2–5; Doc. 74 at 4–8; Doc. 78 at 5–6). Also, Defendants CRG and Brinkmann argue that the Complaint fails to plausibly allege their involvement with the property, (Doc. 33 at 5–7; Doc. 78 at 4–5), and Defendant BIT contends the Complaint's allegations are either implausible or moot due to subsequent remediation, (Doc. 45 at 5–10). After Defendant BIT argued that Plaintiff lacks standing due to mootness, Plaintiff requested leave to conduct jurisdictional discovery, (Doc. 56), which was opposed by all

Defendants and Third-Party Defendants who have entered, (Doc. 62). All motions before the Court are fully briefed and are ripe for adjudication. (Docs. 51, 43, 53, 75–76, 79–80).[3]

## III. Other Actions filed by Plaintiff

Some Defendants call to the Court's attention that, "[i]n the past year, Plaintiff filed [] other near-identical complaints regarding very different properties." *See e.g.* (Doc. 33 at 5). The Court is aware of at least six other recent actions filed by Plaintiff alleging FHAA violations with respect to apartments he claims to have visited in October and November 2024. *See* No. 4:25-cv-00192-MTS (Lafayette Square in St. Louis); No. 4:25-cv-01284-JMD (Olive Street in St. Louis); No. 4:25-cv-01287-CMS (Hawk Ridge Trail Court in Lake St. Louis); No. 4:25-cv-01472-SRC (Delmar Boulevard in St. Louis); No. 4:25-cv-01474-SEP (Olive Crossing in Olivette); and No. 4:26-cv-00136-MAL (Gratiot Street in St. Louis).

Many details are common to these complaints, including, for example, Plaintiff's representation that he cannot recall the number of units he visited at each apartment complex. *See* (Doc. 1 ¶ 37); No. 4:25-cv-00192-MTS, (Doc. 1 ¶ 33); No. 4:25-cv-01284-JMD, (Doc. 1 ¶ 33); No. 4:25-cv-01287-CMS, (Doc. 1 ¶ 31); No. 4:25-cv-01472-SRC, (Doc. 33 ¶ 40); No. 4:25-cv-01474-SEP, (Doc. 1 ¶ 40); No. 4:26-cv-00136-MAL, (Doc. 1 ¶ 35). In the latter four of these cases, Plaintiff claims he "is currently in the market for an apartment in the area of the subject property," "intends to return to the subject property and other rental property nearby to pursue a potential rental of an apartment," and "expects to return to the Property once it has been remediated." *See* No. 4:25-cv-01287-CMS, (Doc. 1 ¶ 42); No. 4:25-cv-01472-SRC, (Doc. 33 ¶ 49); No. 4:25-cv-01474-SEP, (Doc. 1 ¶ 49); No. 4:26-cv-00136-MAL, (Doc. 1 ¶¶ 43, 45).

[3] Plaintiff did not file a reply in support of his motion for leave to conduct jurisdictional discovery, and the time to do so has long since passed. *See* E.D. Mo. L.R. 4.01(C).

This set of circumstances would seem to suggest that Plaintiff is a "tester" and calls into question his allegation that he "expects to return to the Property." *See, e.g.*, (Doc. 33 at 5); *see also Brown v. Dev. Servs. Grp., Inc.*, No. 4:25-CV-01284-JMD, 2026 WL 2137185, at *1 (E.D. Mo. July 24, 2026) (Divine, J.) (suggesting that "[Plaintiff's] [having] no actual interest in renting a unit[] [and] instead [having] an interest in filing lawsuits to extract settlements" is a more plausible explanation for the multiple lawsuits than "[being] extraordinarily unlucky in obtaining housing"). That would leave Plaintiff with only "a claim for nominal damages" at best, *LuxLiving*, 2026 WL 2529417, at *4 (citation omitted), and is an issue for another day.

## LEGAL STANDARD

### I. Motion to Dismiss

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief . . . to give the defendant fair notice of . . . the claim . . . and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations omitted); Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted), and "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Delker*, 21 F.4th at 1024 (citing *Twombly*, 550 U.S. at 555). The issue is not whether the plaintiff will prevail, but whether he is "entitled to present evidence in support of his claim." *Id.*

When analyzing a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Brokken*, 140 F.4th at

450. That said, the Court does not "presume the truth of legal conclusions." *Jones v. City of St. Louis*, 104 F.4th 1043, 1046 (8th Cir. 2024) (internal citations omitted). The Court's analysis is context specific and "requires the reviewing court to draw on its judicial experience and common sense." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## II. Standing

"Article III limits the judicial power to resolving 'Cases' or 'Controversies,' and the standing doctrine is 'rooted in the traditional understanding of a case or controversy.'" *Enter. Fin. Grp., Inc. v. Podhorn*, 930 F.3d 946, 949 (8th Cir. 2019). "[A plaintiff] bears the burden of proving Article III standing by showing (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Ojogwu v. Rodenburg L. Firm*, 26 F.4th 457, 461 (8th Cir. 2022) (quotation omitted). "If the issues presented are no longer live or the parties lack a cognizable interest in the outcome, a case or controversy under Article III no longer exists because the litigation has become moot." *Allan v. Minnesota Dep't of Hum. Servs.*, 127 F.4th 717, 720 (8th Cir. 2025) (quotation omitted). While "[m]ere voluntary cessation of a challenged action does not moot a case," a case becomes moot when "subsequent events [make] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Strutton v. Meade*, 668 F.3d 549, 556 (8th Cir. 2012).

# DISCUSSION

## I. General Standing Allegations

Defendants collectively offer two arguments that Plaintiff lacks standing. First, Defendants argue that Plaintiff "is not within the class of persons in which Congress has identified as having a statutory right to sue . . . and he has failed to plead that he suffered any concrete injury." *See,*

*e.g.,* (Doc. 33 at 3). Second, Defendant BIT contends that, when "a defendant remediates all alleged noncompliant conditions, plaintiff's lawsuit becomes moot." *See* (Doc. 45 at 6–7). Both arguments are unavailing, so Defendants Humphreys and BIT's motions to dismiss must be denied.

***a. Statutory Right-to-Sue and Injury-in-Fact***

This is not the first time that Defendants' arguments regarding Plaintiff's statutory right to sue and his injury in fact have been before this Court. In *LuxLiving*, an FHAA action with essentially identical facts and the same plaintiff, Chief Judge Clark considered these intertwined issues and found that Plaintiff had standing to bring his claims.[4] *See LuxLiving*, 2026 WL 2529417, at *2–4. The Court finds Judge Clark's reasoning persuasive and applicable here. *See Brown v. Aventura at Hawkridge*, LLC., No. 4:25-cv-01287-CMS, (Doc. 42 at 5–6), (E.D. Mo. Sept. 23, 2026) (applying *LuxLiving* standing analysis to essentially identical facts involving same Plaintiff). Because Defendant Humphreys makes no other argument for dismissal, the Court denies its motion to dismiss without prejudice.

***b. Mootness***

Defendant BIT avers that after it received notice of the potential violations alleged in the complaint, "[it] immediately began its review of the allegations and made adjustments and repairs as needed." (Doc. 45 at 8); *see* (Doc. 45-1; Doc. 45-2). Defendant BIT argues that this remediation renders Plaintiff's claims moot. (Doc. 45 at 6–8). Plaintiff responds that Defendant BIT's voluntary cessation of the challenged conduct does "not meet [the] burden of showing of dismissal is warranted on [mootness] grounds." (Doc. 55 at 10–11). Plaintiff suggests that Defendant BIT "could return to their misconduct or simply remove or fail to maintain the structural modification

[4] In *LuxLiving*, Plaintiff was found to have a cognizable past and future injury. 2026 WL 2529417, at *4–5. Here, in light of Defendant BIT's subsequent remediation, Plaintiff has only a cognizable past injury. *See infra* at 8–9.

after dismissal." *Id.* at 11. While Defendant BIT's remediation renders much of Plaintiff's requested relief moot, Plaintiff's claims survive because Defendant BIT's remediation does not render moot Plaintiff's claims for damages, even if nominal.

Defendant BIT relies on *Davis v. Anthony, Inc. (Davis II)* to argue for dismissal, summarizing the case as follows:

> In *Davis*, a plaintiff brought a lawsuit claiming the defendant's parking lot violated various ADA requirements. After the complaint was filed, the defendant began repairs to remediate the alleged violations and filed a motion to dismiss based on mootness. The district court considered defendant's affidavit (with photographs and invoices) that showed the alleged violations had been addressed in granting the motion to dismiss. The Eighth Circuit affirmed dismissal and found that it was within the district court's discretion to consider evidence attached to a motion to dismiss when that motion is based on jurisdictional issues such as mootness.

(Doc. 45 at 6–7) (citing 886 F.3d 674, 677 (8th Cir. 2018)). While this is an accurate enough summary of *Davis II*, Defendant BIT misses a key distinguishing point: the *Davis II* plaintiff sought only "declaratory and injunctive relief." 886 F.3d at 674. Here, Plaintiff also seek damages. (Doc. 1 at 14–15); *see* (Doc. 51 at 7) ("In addition to injunctive relief, Chapuis [*sic*] seeks declaratory relief, punitive damages, compensatory damages, and reasonable attorneys' fees and expenses."). When a Plaintiff "has a cause of action for damages, a defendant's change in conduct will not moot the case." *Lackey v. Stinnie*, 604 U.S. 192, 204 (2025).

Thus, while Defendant BIT's remediations, *see* (Doc. 45 at 6, 8) (describing Defendant BIT's standard practice to review alleged violations when notified and provide proof of compliance with FHA requirements), make clear that the alleged violations are not likely to recur,[5]

---

[5] Plaintiff does not squarely contest Defendant BIT's representations that it has remediated any violations and only raises the prospect that Defendant BIT could renege on its remediation, but he fails to explain why that would be even remotely likely. *See* (Doc. 51 at 4–5, 10–11). The Court cannot discern a rational reason for Defendant BIT to reverse its remediations, given the expense and potential liability. *See Davis v. Anthony, Inc. (Davis I)*, 2016 WL 11658896, at *3 (D. Neb.

Plaintiff's request for damages is not mooted. The Court denies Defendant BIT's motion to dismiss without prejudice.

***c. Jurisdictional Discovery***

Because this Court has subject matter jurisdiction, there is no present need for Plaintiff to "investigate the presence of FHAA violations at the [apartment complex]" to establish jurisdiction. (Doc. 56 ¶¶ 5–6). Accordingly, the Court denies Plaintiff's Motion for Jurisdictional Discovery.

**II. Defendant-Specific Allegations**

Defendants CRG and Brinkmann both argue that Plaintiff's claims against them should be dismissed for failure to plausibly allege their involvement in the property. The Court does not reach the merits of Defendant Brinkmann's argument because its motion for judgment on the pleadings is premature. As for Defendant CRG, the Court finds that Plaintiff has failed to allege facts that establish its involvement in any injury to Plaintiff, warranting dismissal of Defendant CRG.

***a. Defendant CRG***

Defendant CRG contends that the claims against it should be dismissed because Plaintiff "fails to plausibly allege [its] involvement with the Property." (Doc. 33 at 5–6). Specifically, Defendant CRG argues that Plaintiff's allegation is refuted by its Development Services Agreement ("DSA") and the allegations against it are conclusory. *Id.*; *see* (Doc. 33-1). In response, Plaintiff contends that nothing in the DSA contradicts its allegation that Defendant CRG "participated in the design and/or construction of the Property and is responsible for features of the Property not in compliance with the FHA." (Doc. 43 at 8). Because the allegations against

---

Sept. 26, 2016) (rejecting contention that similarly situated defendant would be likely to re-offend).

Defendant CRG are conclusory and fail to establish that its conduct is fairly traceable to Plaintiff's alleged injury, the Court grants the motion to dismiss.

Plaintiff, on information and belief, alleges that "[Defendant] CRG through its agents and/or employees participated in the design and/or construction of the Property and is believed therefore to be responsible in part for non-compliant features of the Property." (Doc. 1 ¶ 16). This allegation falls short of implicating Defendant CRG in Plaintiff's purported injuries. Importantly, Plaintiff does not allege that Defendant CRG participated in the design or construction of the alleged FHAA violations.[6] Rather, Defendant CRG is only alleged to have "participated in the design and/or construction of the [apartment complex]" as a whole—the exact same allegation levied against two other Defendants.[7] *See id.* ¶¶ 14, 18. In fact, to the extent Plaintiff attempts to ascribe particularized culpability to Defendant CRG, the most he can muster is that Defendant CRG is nebulously "responsible in part" for non-complaint features. (Doc. 1 ¶ 16). Without an allegation that Defendant CRG was responsible for all aspects of the design or construction of the apartment complex or, at least, the design or construction of the alleged FHAA violations, the Complaint fails to demonstrate that Plaintiff's injuries are fairly traceable to Defendant CRG. Accordingly, the Court grants Defendant CRG's Motion to Dismiss and dismisses the claims against it without prejudice.[8]

***b. Defendant Brinkmann***

[6] This is in marked contrast to Plaintiff's allegations that Defendant Humphreys is responsible for "designs of non-compliant features of dwelling units and common use areas at [the apartment complex]." *See* (Doc. 1 ¶ 20).

[7] Even this contention is cast into doubt by the DSA. (Doc. 33-1).

[8] While Defendant CRG requests dismissal with prejudice, *see* (Doc. 33 at 7), this pleading deficiency could theoretically be remedied.

Defendant Brinkmann argues, "The Complaint contains no factual allegations describing any act or omission by Brinkmann that resulted in an alleged violation of the FHAA." (Doc. 78 at 4). Plaintiff disputes that contention, *see* (Doc. 79 at 12–13), and responds that Defendant Brinkmann's Motion for Judgment on the Pleadings is premature because "the pleadings are not closed for purposes of Rule 12(c)," *id.* at 6. In reply, Defendant Brinkmann contends that under Rule 12(c) "the relevant inquiry . . . is whether the pleadings are closed with respect to the parties whose pleadings are at issue." (Doc. 80 at 2). Plaintiff has the better of the argument.

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." FED. R. CIV. P. 12(c). The parties have not submitted, nor has this Court found, any Eighth Circuit authority concerning when "the pleadings are closed" in a multi-defendant case. That said, this Court finds persuasive the Tenth Circuit's plain reading of Rule 12(c) that "[w]hen a case involves more than one defendant, 'the pleadings are not closed until all defendants file an answer.'" *Vanhorn v. Salvation Army*, 2026 WL 1257804, at *3 (10th Cir. May 7, 2026); *see Gorenc v. Klaassen*, 2019 WL 2523566, at *2 (D. Kan. June 19, 2019) (collecting cases); *E. Coast Test Prep LLC v. Allnurses.com, Inc.*, 2016 WL 7383309, at *1 (D. Minn. Dec. 20, 2016) ("Generally, 'where an action names multiple defendants, the pleadings are not closed until all defendants have answered.'" (citation omitted)). Here, some Defendants have not yet answered, meaning a motion for judgment on the pleadings is "generally unavailable" until all Defendants have done so. *Vanhorn*, 2026 WL 1257804, at *3. Thus, Defendant Brinkmann's motion for judgment on the pleadings is denied without prejudice.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant CRG-Chapter ATS, LLC's Motion to Dismiss (Doc. 32) is **GRANTED**. The Clerk of Court is directed to terminate CRG-Chapter ATS, LLC as a party.

**IT IS FURTHER ORDERED** that Defendant BIT Streets of St. Charles, LLC's Motion to Dismiss (Doc. 44) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff Kevin Brown's Motion for Leave to Conduct Jurisdictional Discovery (Doc. 56) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendant Humphreys & Partners Architects LP's Motion to Dismiss (Doc. 73) is **DENIED without prejudice**.

**IT IS FINALLY ORDERED** that Defendant R.G. Brinkmann Company's Motion for Judgment on the Pleadings (Doc. 77) is **DENIED without prejudice**.

So ordered this 23rd day of September 2026.

**CRISTIAN M. STEVENS**
**UNITED STATES DISTRICT JUDGE**