**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-1300-CMS |
| | ) | |
| BIT STREETS OF ST CHARLES LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Third-Party Defendant Waterhout Construction Company, Inc.'s Motion to Dismiss (Doc. 47), Third-Party Defendant Byrne & Jones Enterprises, Inc.'s Motion to Dismiss (Doc. 55), and upon case review. For the reasons set forth below, the Court grants both motions to dismiss. Additionally, the Court orders Third-Party Plaintiff R.G. Brinkmann Company to show cause why the claims against Third-Party Defendant Finch Plumbing Co. Inc. should not be dismissed for failure to serve the Third-Party Complaint upon Finch within 90 days in accordance with Federal Rule of Civil Procedure 4(m).

## BACKGROUND

Brinkmann is named as a Defendant in a Fair Housing Amendments Act ("FHAA") action brought by Plaintiff Kevin Brown. (Doc. 25 ¶¶ 5–7); *see* (Doc. 1). Brinkmann "denies any and all liability for the claims asserted against it" by Brown and brings a Third-Party Complaint against three subcontractors it hired to do work at the apartment complex at issue in Brown's lawsuit. (Doc. 25 ¶¶ 9–12).

## I. Relevant Facts[1]

Brinkmann "entered into various contracts with multiple subcontractors for work associated with [an] [apartment complex]." *Id.* ¶ 9. Brinkmann entered into a subcontract with Waterhout "to perform, among other things, the rough and finish carpentry" at the apartment complex and a subcontract with Byrne & Jones "to perform, among other things, all asphalt paving and striping" at the apartment complex. *Id.* ¶¶ 10–11.

### *a. Waterhout Subcontract*

As part of its contract with Brinkman, Waterhout "agreed to provide [its] [w]ork in a good and workmanlike manner in strict accordance with all federal, state, and municipal laws, rules, regulations, and codes." *Id.* ¶¶ 15, 24, 34. Waterhout also agreed to indemnify Brinkmann to the extent that it or its sub-subcontractors "fail[ed] to fully perform any and all of the obligations of the Subcontract." *Id.* ¶¶ 22–23. Brinkmann contends that Waterhout owed it a duty to "exercise reasonable care in the performance of [its] [w]ork," "perform the [work] . . . in a manner that was appropriate, proper, and safe," and "perform the [work] . . . in accordance with all normal and common standards." *Id.* ¶¶ 31–33. Brinkmann performed all of its obligations under the contract. *Id.* ¶¶ 19, 27.

"Pleading hypothetically," Brinkmann alleges that "Waterhout's breaches proximately caused the FHAA violations at the Property." Id. ¶¶ 18, 25.

### *b. Byrne & Jones Subcontract*

As part of its contract with Brinkman, Byrne & Jones (B&J) "agreed to provide [its] [w]ork in a good and workmanlike manner in strict accordance with all federal, state, and municipal laws,

[1] For purposes of resolving the motions to dismiss, the Court accepts as true the well-pled facts from the Third-Party Complaint. *See* Doc. 1; *infra* at 4.

rules, regulations, and codes." *Id.* ¶¶ 38, 47, 57. B&J also agreed to indemnify Brinkmann to the extent that it or its sub-subcontractors "fail[ed] to fully perform any and all of the obligations of the Subcontract." *Id.* ¶¶ 45–46. Brinkmann contends that B&J owed it a duty to "exercise reasonable care in the performance of [its] [w]ork," "perform the [work] . . . in a manner that was appropriate, proper, and safe," and "perform the [work] . . . in accordance with all normal and common standards." *Id.* ¶¶ 54–56. Brinkmann performed all of its obligations under the contract. *Id.* ¶¶ 42, 50.

Again, "[p]leading hypothetically," Brinkmann alleges that "B&J's breaches proximately caused the FHAA violations at the Property." Id. ¶¶ 41, 48.

## II. Procedural History

Brinkmann filed its Third-Party Complaint against the subcontractors on November 3, 2025. (Doc. 25). Brinkmann brings three counts against each Third-Party Defendant: breach of contract, contractual indemnity, and contribution. *Id.* ¶¶ 13–81. Waterhout and B&J each moved to dismiss the Third-Party Complaint (Docs. 47, 55). Both argue that Brinkman's claims are preempted by the FHAA, (Doc. 47 at 3–5; Doc. 55 ¶¶ 4–6), or alternatively fail to state a claim upon which relief can be granted, (Doc. 48 at 6–8; Doc. 55 ¶¶ 7–10). Brinkmann opposes dismissal, and both motions to dismiss are fully briefed and ripe for adjudication. (Docs. 58, 60, 63, 72).[2]

On case review, the Court observes that while more than 90 days have elapsed since Brinkmann filed his Third-Party Complaint, there is no evidence on the docket that Third-Party Defendant Finch has been successfully served.

---

[2] Defendant B&J did not file a reply in support of its motion to dismiss, and the time to do so has long passed. *See* E.D. MO. L.R. 4.01(C).

## LEGAL STANDARD

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief . . . to give the defendant fair notice of . . . the claim . . . and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations omitted); Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted), and "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Delker v. MasterCard Int'l, Inc.*, 21 F.4th 1019, 1024 (8th Cir. 2022) (citing *Twombly*, 550 U.S. at 555). The issue is not whether the plaintiff will prevail, but whether he is "entitled to present evidence in support of his claim." *Id.*

When analyzing a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Brokken v. Hennepin Cnty.*, 140 F.4th 445, 450 (8th Cir. 2025). That said, the Court does not "presume the truth of legal conclusions." *Jones v. City of St. Louis*, 104 F.4th 1043, 1046 (8th Cir. 2024) (internal citations omitted). The Court's analysis is context specific and "requires the reviewing court to draw on its judicial experience and common sense." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## DISCUSSION

The parties dedicate much of their briefing to the question of whether Brinkman's claims against the subcontractors are preempted by the FHAA. *See* (Doc. 48 at 3–5; Doc. 55 ¶¶ 4–6; Doc.

58 at 4–8; Doc. 63 at 1–2). But the Court need not resolve that issue here because Defendants have identified grounds on which the Third-Party Complaint fails to state a claim under Rule 12(b)(6).

## I. Failure to State a Claim

Defendants Waterhout and B&J argue that the breach-of-contract, contractual indemnity, and contribution claims fail because Brinkmann has failed to plead any facts that allege breach of contract, negligent acts, wrongdoing, or breach of duty on the part of the subcontractors. (Doc. 48 at 6–8; Doc. 55 ¶¶ 7–10).[3] Brinkmann argues that it has pled facts "sufficient to render its claims plausible" and contends that Waterhout and B&J advance "an improperly heightened pleading standard." *See, e.g.*, (Doc. 58 at 9–11).[4] While Brinkmann is in an admittedly difficult position given the paucity of factual allegations levied against it by Brown in the Complaint, it has failed to allege facts in the Third-Party Complaint that support breach of contract, contractual indemnity, or contribution. Thus, the Waterhout and B&J are entitled to dismissal.

"A claim of breach of contract requires four essential elements: '(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff.'" *Mississippi Valley Equip. Co. v. Killian*, 728 S.W.3d 505, 510 (Mo. Ct. App. 2025). Because "[p]arties are

---

[3] Waterhout additionally argues that Brinkmann's contribution claim fails as a matter of law because "contribution requires that the party seeking contribution and the party from whom contribution is sought share common liability" and Brown has not asserted any claims against it. (Doc. 48 at 8). Because the contribution claim fails on other grounds, the Court need not address this issue.

[4] Brinkmann also argues that B&J's motion should be dismissed for failure to comply with this Court's Local Rules. Brinkmann correctly observes that the Local Rules generally require "every motion filed [to] be accompanied by a memorandum stating the reasons for the motion and citing any authorities on which the movant relies." (Doc. 60 at 3) (citing E.D. MO. L.R. 4.01(a)). While B&J technically violated the Local Rules by not including its reasoning in a separate memorandum, the Court does not see fit to strike the motion on that basis, especially since Brinkmann has not identified how it would be prejudiced otherwise.

generally free to contract as they wish," Missouri courts will recognize and enforce indemnification contracts "according to their plain meaning, unless induced by fraud, duress, or undue influence." *Lone Star Indus., Inc. v. Howell Trucking, Inc.*, 199 S.W.3d 900, 903 n.2 (Mo. Ct. App. 2006). "Liability for contribution depends upon the existence of actionable negligence of the defendant toward the plaintiff." *Miles ex rel. Miles v. Rich*, 347 S.W.3d 477, 482 (Mo. Ct. App. 2011) (citation omitted).

All of Brinkmann's claims depend on conclusory statements. As Third-Party Defendants aptly observe, Brinkmann "identifies no particular action or inaction that would constitute a breach of contract," (Doc. 48 at 6; Doc. 55 ¶ 7), and "fails to allege any facts in support of its allegation that [Third-Party Defendants] [are] guilty of negligence or wrongdoing," *id.* ¶¶ 8–9; (Doc. 48 at 7–8). While Brinkmann does not need to "plead the precise manner in which [Third-Party Defendants'] work violated the FHAA," *see, e.g.*, (Doc. 58 at 11), its Third-Party Complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery." *Delker*, 21 F.4th at 1024. Here, Brinkmann can muster only vague statements that "portions of work performed by [Third-Party Defendants] . . . violate the FHAA" and similarly non-descript accusations that Third-Party Defendants were in breach, acted negligently, and committed wrongdoing. (Doc. 25 ¶¶ 17–18; 25; 35; 40–41; 48; 58). As those allegations simply recite elements of a claim, they are legal conclusions not entitled to the presumption of truth.[5] *See Jones*, 104 F.4th at 1046. Because Brinkmann's breach-of-contract, contractual

[5] The Court recognizes that these allegations may be the best that Brinkmann can muster given the paucity of factual allegations raised against it in Brown's Complaint. *See* Doc. 88 at 9–10 (dismissing virtually identical claims against one of Brinkmann's Co-Defendants for their "[failure] to demonstrate that [Brown's] injuries are fairly traceable to [the Co-Defendant]"). But Brinkmann has not moved to dismiss Brown's Complaint, and any deficiency in Brown's Complaint does not remedy the inadequacy of Brinkmann's allegations against Waterhout and B&J.

indemnity, and contribution claims against Waterhout and B&J fail to plead facts sufficient to state a claim upon which relief may be granted, the Court grants Waterhout and B&J's motions to dismiss and dismisses the claims against those parties without prejudice.[6]

## II. Service of Third-Party Defendant Finch

Federal Rule of Civil Procedure 4(m) states, "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." That being said, "if the plaintiff shows good cause for the failure," then "the court must extend the time for service for an appropriate period." *Id.* Here, Brinkmann filed its Third-Party Complaint on November 3, 2025. (Doc. 25). More than 90 days have elapsed, and there is no indication on the docket that Finch was served. In light of this, Brinkmann must supply proof of service or otherwise show cause why Finch should not be dismissed from this action.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Third-Party Defendant Waterhout Construction Company, Inc.'s Motion to Dismiss (Doc. 47) is **GRANTED**. The Clerk of Court is directed to terminate Waterhout Construction Company, Inc. as a party.

**IT IS FURTHER ORDERED** that Third-Party Defendant Byrne & Jones Enterprises, Inc.'s Motion to Dismiss (Doc. 55) is **GRANTED**. The Clerk of Court is directed to terminate Defendant Byrne & Jones Enterprises, Inc. as a party.

---

[6] While Waterhout and B&J seek dismissal with prejudice, (Doc. 48 at 8; Doc. 55 at 4), the Court finds that the circumstances warrant dismissal only without prejudice. *See Harris v. Medtronic Inc.*, 729 F. Supp. 3d 869, 883 (D. Minn. 2024) (noting that Courts "have discretion to decide between a dismissal with prejudice and one without prejudice" and listing relevant considerations for that decision).

**IT IS FURTHER ORDERED** that Third-Party Plaintiff R.G. Brinkmann Company must, no later than **October 14, 2026**, show cause why Third-Party Defendant Finch Plumbing Co. Inc. should not be dismissed without prejudice. Brinkman's failure to do so will result in the dismissal of Finch without prejudice and without further notice to Brinkmann. *See* FED. R. CIV. P. 4(m).

So ordered this 29th day of September 2026.

**CRISTIAN M. STEVENS**
**UNITED STATES DISTRICT JUDGE**